IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DOUGLAS EUGENE MILES | § | |
| VS. | § | CIVIL ACTION NO. 9:25-cv-284 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION REGARDING TRANSFER</u>

Petitioner Douglas Eugene Miles, an inmate confined at the Jefferson County Correctional Facility, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

Petitioner brings this Petition for Writ of Habeas Corpus challenging his conviction for Driving While Intoxicated received January 15, 2020 in the 252nd District Court for Jefferson County, Texas, cause number 20-33734. Petitioner contends the judgment entered in the case is void.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner was convicted and sentenced in Jefferson County which is located in the Beaumont Division of the Eastern District of Texas. Petitioner, however, inadvertently filed the Petition in the Lufkin Division instead of the Beaumont Division.

While jurisdiction is proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interest of justice would best be served if this Petition were transferred to the division in which Petitioner was convicted and where he remains confined.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since Petitioner challenges a conviction and sentence received in Jefferson County, Texas which is located in the Beaumont Division, all records and witnesses involving this action most likely will be located in the Beaumont Division. Thus, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this Petition should be transferred to the United States District Court for the Eastern District of Texas, Beaumont Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

**SIGNED this the 23rd day of October, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE